DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Lucas County Court of Common Pleas.
On July 9, 1999, appellant, Miles Lanker, entered no contest pleas to two counts of illegal use of minors in nudity oriented materials, violations of R.C. 2907.323 and felonies of the second degree. He was sentenced to two concurrent five year prison terms. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SENTENCING THE APPELLANT TO TWO CONCURRENT SIX YEAR SENTENCES."
In his sole assignment of error, appellant contends his sentences are contrary to law, unsupported by the record, and wholly inconsistent with the principles and purposes of felony sentencing in Ohio.
R.C. 2929.14 states that "for a felony of the second degree, the prison term shall be two, three, four, five, six or eight years."
This court reviews this felony sentence pursuant to R.C.2953.08. Under this section, an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court if the appellate court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law.
Felony sentencing is governed by R.C. Chapter 2929. R.C. 2929.11(A) provides that a sentencing judge should be guided by the overriding purposes of the felony sentencing laws: to protect the public from future crimes and to punish the offender. According to R.C. 2929.11(B), felony sentences should be calculated to achieve these purposes, "* * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, unless a mandatory prison sentence is statutorily required, a sentencing judge has discretion to determine the most effective way to serve the overriding purposes of felony sentencing. R.C. 2929.12(A). However, in exercising that discretion, the sentencing judge shall consider the factors in R.C. 2929.12(B) and (C) relating to the seriousness of the conduct and the likelihood of recidivism, and the judge may also consider other factors he or she deems relevant. R.C.2929.12(A).
R.C. 2929.12 (B) and (C) provide:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
R.C. 2929.14(B) provides:
 "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and it the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
The record shows that on two occasions in 1998, appellant photographed an eleven-year old girl while she was naked in his bedroom. Appellant had been babysitting the girl. At the time he was sentenced in this case, he had never served a prison term.
Before sentencing appellant, the court stated on the record:
 "The court has considered the record, the oral statements, victim impact statements, presentence report prepared, as well as the principles and purpose of sentencing under Revised code 2929.11. The court has balanced the seriousness and recidivism factors under Revised Code 2929.12.
"* * *
 "This court finds pursuant to Revised Code 2929.14(B) that the shortest term possible will demean the seriousness of the offense, and will not adequately protect the public, and therefore imposes a greater term."
The above conclusions were incorporated into the final judgment entry of sentence and appellant was sentenced for two second degree felonies in accordance with R.C. 2929.14.
Appellant essentially disagrees with the trial court's sentence after balancing the seriousness and recidivism factors of R.C.2929.12. Appellant argues that there was no evidence of force or coercion, that appellant and the victim continued to have contact after the incidents, that there was no evidence of physical harm and, appellant contends, evidence of only minimal psychological harm. Appellant further argues that his lack of a prior criminal record at the age of fifty strongly suggests he is unlikely to commit another offense.
Upon a review of the entire record in this case, including the presentence and psychiatric reports, we cannot clearly and convincingly find that appellant's sentence is contrary to law or unsupported by the record. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
 PETER M. HANDWORK, J., JUDGE, MELVIN L. RESNICK, J., JUDGE, RICHARD W. KNEPPER, P.J., JUDGE, CONCUR.